UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ABEL COVARRUBIAS, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 1:18-cv-02323-TWP-MJD |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on pro se Petitioner Abel Covarrubias' ("Covarrubias") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ([Filing No. 1]). For the reasons explained in this Entry, Covarrubias's motion for relief must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL BACKGROUND

On April 21, 2015, a grand jury returned an Indictment against Covarrubias, charging him with one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Covarrubias*, No. 1:15-cr-00081-TWP-DKL (hereinafter "Crim. Dkt.") (Crim. Dkt. 11.) A Superseding Indictment charged Covarrubias with Count 1: conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, and Count 2: possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841. (Crim. Dkt. 59.)

Covarrubias proceeded to trial on both counts. A jury found Covarrubias guilty of Count 1 and Count 2. (Crim. Dkt. 100.) As to Count 1, the jury specifically found that the conspiracy involved 50 grams or more of methamphetamine. *Id.* Similarly, on Count 2, it found that Covarrubias possessed with intent to distribute 50 grams or more of methamphetamine. *Id.* Covarrubias was sentenced to concurrent terms of 225 months' imprisonment to be followed by five years' supervised release. (Crim. Dkt. 113.) On September 9, 2016, he filed his Notice of Appeal. (Crim. Dkt. 117.)

On appeal, Covarrubias challenged the Court's denial of his motion to suppress, arguing that he had a legitimate expectation of privacy in the car in which the methamphetamine was found. *See United States v. Covarrubias*, 847 F.3d 556, 558 (7th Cir. 2017). He also contended that he did not knowingly waive his *Miranda* rights. *Id.* The Seventh Circuit rejected both arguments and affirmed the judgment of the district court. *Id.*

The United States Supreme Court denied Covarrubias' petition for writ of certiorari on June 26, 2017. *Covarrubias v. United States*, 137 S. Ct. 2312 (2017). Thereafter, Covarrubias filed the instant motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. 1; Dkt. 2; Crim. Dkt. 154; Crim. Dkt. 155.) This motion is now fully briefed and ripe for resolution.

### III. DISCUSSION

Covarrubias's § 2255 motion challenges his conviction, arguing that trial counsel was ineffective in several ways. After outlining the standard applicable to claims of ineffective assistance of counsel, the Court will address each of his arguments in turn.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, a petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong, prejudice, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A.  **Plea Negotiations**

Covarrubias first alleges that counsel provided ineffective assistance in negotiating and presenting potential plea agreements. (Dkt. 2 at 7-9.) In the plea agreement context, to establish prejudice, a petitioner "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 13 (2012); *United States v. Jansen*, 884 F.3d 649, 659 (7th Cir. 2018). Although Covarrubias asserts that counsel "never communicated" the progress of a potential plea agreement and "failed to truthfully consult" about a proposed plea agreement, (Dkt. 2 at 7), he never states that he would have pled guilty. Rather, he alleges solely that counsel's failures impacted the plea agreement that was offered to him. (Dkt. 2 at 9.) These allegations are not sufficient to establish prejudice.

Moreover, the record indicates that Covarrubias would not have pled guilty. As per *Martin v. United States*, 789 F .3d 703, 707 (7th Cir. 2015), at the April 6, 2016 final pretrial conference, the Court inquired as to whether or not the Government had made a plea offer. (Crim. Dkt. 84 at ¶ 6.) The Government confirmed that it had made an offer. *Id*. Covarrubias' counsel confirmed that the offer was relayed to Covarrubias and rejected by Covarrubias. *Id*. The Government held the offer open until close of business on Monday, April 11, 2016, but Covarrubias never accepted it. Covarrubias is not entitled to relief on this basis.

B.  **Failure to Investigate**

Covarrubias next faults trial counsel for allegedly failing to investigate any evidence disclosed by the prosecution. (Dkt. 2 at 9-10.) A petitioner alleging ineffective assistance due to a failure to investigate "has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'" *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States v. Gramley*, 915 F.2d

4

1128, 1133 (7th Cir. 1990)); *see also Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) ("When counsel's purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." (internal quotation omitted)).

This claim of ineffective assistance fails because Covarrubias has not specifically described either the evidence that counsel allegedly failed to investigate or the information that an investigation would have produced. Covarrubias' bare assertions that counsel failed to investigate are not sufficient to establish either deficient performance or prejudice. *See Jennings v. United States*, 461 F. Supp. 2d 818, 827-28 (S.D. Ill. 2006) (denying ineffective assistance of counsel claim of failure to investigate because petitioner did not explain what the investigation would have produced).

C.     **Objection to Presentence Investigation Report**

For his third claim of ineffective assistance of counsel, Covarrubias alleges that counsel failed to present evidence of his alcohol dependence and history of mental illness for purposes of the presentence investigation report. (Dkt. 2 at 11-12.)

With respect to Covarrubias' allegation that counsel failed to present evidence of his alcohol dependence, such evidence was presented in the presentence investigation report. (Crim. Dkt. 105 at ¶¶ 47-50.) At the sentencing hearing, counsel provided information and argument that Covarrubias suffered from substance abuse and asked the Court to recommend that Covarrubias be entered into a treatment program, and the Court granted the request. (Crim. Dkt. 134 at 34:8-19.) Covarrubias has not shown that counsel provided ineffective assistance in this regard.

Additionally, to the extent Covarrubias argues that counsel should have presented evidence of his history of mental illness, he has not explained what such evidence would have shown or how he was prejudiced. It was Covarrubias who reported no history of mental illness to the

5

probation officer who prepared the presentence investigation report. (Crim. Dkt. 105.) At the sentencing hearing, the Court inquired of Covarrubias if he wished to make a statement which allowed him an opportunity to inform the Court of his mental health condition, but he did not. Without further explanation as to the specifics of his alleged history of mental illness or the impact it would have had at sentencing, Covarrubias has not satisfied his burden of showing ineffective assistance of counsel. He is not entitled to relief on these allegations.

D. *Miranda* **Waiver**

Covarrubias next contends that counsel rendered ineffective assistance because counsel did not challenge the validity of Covarrubias' *Miranda* waiver. (Dkt. 2 at 12-15.) This argument was raised on appeal, and the Seventh Circuit found "substantial evidence demonstrate[d] that [Covarrubias] understands and speaks English." *Covarrubias*, 847 F.3d at 558-59. Because Covarrubias has not established that an objection to the validity of his *Miranda* waiver would have been successful, he cannot establish that counsel's failure to present such a challenge constitutes deficient performance. *See United States v. Cooke*, 110 F.3d 1288, 1301-02 (7th Cir. 1997) ("Thus it is clear that the Sixth Amendment objection that Cooke believes Riggs should have lodged would have been futile, and Riggs' performance was not objectively unreasonable by virtue of his failure to raise such a groundless objection.").

E. **Challenge to Search of Vehicle**

Covarrubias argues that counsel should have asserted that he had a reasonable expectation of privacy in the vehicle while it was on the car hauler. (Dkt. 2 at 15-16.) Counsel did exactly that in Covarrubias' Motion to Suppress evidence and Supplemental Motion to Suppress. (Crim. Dkt. 29; Crim. Dkt. 37.) This argument was also asserted on appeal. *See Covarrubias*, 847 F.3d

at 558. Thus, counsel made the argument that Covarrubias contends should have been raised. Counsel's performance was not objectively unreasonable.

F. **Knowledge of Substance**

In a supplemental brief to his § 2255 motion, Covarrubias asserts that counsel provided ineffective assistance because counsel did not challenge the Government's failure to prove that Covarrubias knew he possessed methamphetamine, as required to prove a violation of 21 U.S.C. § 841(a)(1). (Dkt. 4 at 4-11.)

The knowledge requirement contained in 21 U.S.C. § 841 may "be met by showing that the defendant knew the identity of the substance he possessed." *McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015). At trial, the prosecution introduced evidence that Covarrubias admitted not only that he picked up the vehicle "because it contained ice" but also that "ice" is a reference to methamphetamine. (Crim. Dkt. 125 at 33:9-34:2.) Thus, the Government provided evidence of Covarrubias' knowledge of the identity of the substance he possessed, and any challenge to Covarrubias' knowledge would have been futile. Counsel did not perform deficiently by failing to raise a meritless argument. *See Cooke*, 110 F.3d at 1301-02.

G. **Sentencing Errors**

In his final claims of ineffective assistance, Covarrubias alleges that, at sentencing, counsel should have objected to (1) the Government's failure to establish the type of methamphetamine possessed, (2) the Court's purported failure to consider the sentencing factors identified in 18 U.S.C. § 3553(a), and (3) the Government's failure to move for a departure under Sentencing Guidelines § 5K2.10. (Dkt. 4 at 12-18.)

The Seventh Circuit is "reluctant to allow prisoners to circumvent the rule against raising Sentencing Guidelines arguments in collateral proceedings by recasting their Guidelines

7

arguments as claims of ineffective assistance of counsel." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). Only "Sentencing Guidelines errors of constitutional proportion" that resulted from an ineffective assistance of counsel may be considered. *Id.*

With respect to Covarrubias' first argument, the United States Sentencing Guidelines do not distinguish between various types of methamphetamine. Under § 2D1.1(c)(1), the base offense level is 38 for any offense involving 4.5 kilograms or more of "ice," and the evidence introduced at trial established that Covarrubias knowingly possessed over 14 kilograms of "ice." (Crim. Dkt. 124 at 95:8-96:3; Crim. Dkt. 125 at 33:9-34:2.) Counsel's failure to raise an objection to this aspect of the sentencing calculation did not constitute deficient performance.

Next, Covarrubias contends the Court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and counsel performed deficiently by not objecting to this failure. However, the Court specifically addressed the § 3553(a) factors at sentencing and imposed a sentence slightly below the applicable Sentencing Guidelines range as a result. (Crim. Dkt. 134 at 29:8-32:13.) Therefore, Covarrubias is not entitled to relief on this basis.

Finally, Covarrubias asserts that counsel should have sought a departure under Sentencing Guidelines § 5K2.10. Section 5K2.10 gives the Court authority to reduce a sentence below the guideline range, "[i]f the victim's wrongful conduct contributed significantly to provoking the offense behavior." U.S.S.G. § 5K2.10 (2015). It is unclear how § 5K2.10 would have applied at Covarrubias' sentencing. Thus, he has not satisfied his burden of showing either that counsel was deficient in failing to pursue a departure under this section or that he was prejudiced by this alleged failure.

Covarrubias is not entitled to relief on any of his ineffective assistance of counsel claims related to the United States Sentencing Guideline calculations.

## IV. CONCLUSION

For the reasons explained in this Entry, Covarrubias is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. [1]) is **DENIED**, and this action is **dismissed with prejudice.**

Judgment consistent with this Entry shall now issue, and the **Clerk shall docket a copy of this Entry in Case No. 1:15-cr-00081-TWP-DKL-1**. The Motion to Vacate, (Crim. Dkt. [154]), shall also be **terminated** in the underlying criminal action.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Covarrubias has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 1/9/2020

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Abel Covarrubias, #12676-028
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 2000
Joint Base McGuire-Dix-Lakehurst, New Jersey 08640

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov